IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION


FILED
AUG 20 2018
Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH MICHELE DERIUS PEASLEY,<br><br>Defendant. | CR 12–46–M–DLC<br><br>ORDER |

Before the Court is Defendant Joseph Michele Derius Peasley's ("Peasley") Motion to Quash Subpoena. (Doc. 75.) Peasley requests the Court quash the subpoena issued by Judge James Wheelis in the Fourth Judicial District of Montana, ordering the United States Probation Office to release Peasley's federal Presentence Investigation Report. For the reasons explained below, the Court grants the motion.

## BACKGROUND

In April 2013, Peasley entered a guilty plea to a single-count Indictment charging felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and sentencing was set for November 8, 2013. On October 23, 2013, the United States Probation Office prepared a federal presentence investigation report for the Court's

-1-

review prior to Peasley's sentencing hearing ("October 2013 PSR"). This Court sentenced Peasley to 40 months imprisonment. Peasley served his prison term and was released from custody and began serving his three-year term of supervised release on October 29, 2015.

On October 10, 2017, Mr. Peasley requested appointed representation because the State of Montana had identified him as a witness in *State of Montana v. Augustus Storm Standingrock*. The Court appointed Federal Defender John Rhodes to represent Peasley.

On November 1, 2017, Peasley was charged in Missoula County Justice Court with one count of misdemeanor Assault With Bodily Injury, in violation of Mont. Code Ann. § 45–5–201 (2017), and one count of Obstructing a Peace Officer or Other Public Servant, in violation of Mont. Code Ann. § 45–7–302(1). On November 2, 2017, a United States Federal Probation Officer filed a Petition for Warrant for Offender Under Supervision against Peasley. The petition alleged that Peasley had violated the terms of his federal supervision by being charged with misdemeanor assault and obstruction in state court. The petition also alleged that Peasley had associated with Augustus Standingrock, a convicted felon, a violation of Peasley's terms of supervised release. The petition remained sealed

until Peasley appeared in federal court on November 22, 2017. While in state custody, a federal hold was placed on Peasley.

On November 15, 2017, Peasley was released from state custody after a bail hearing. Pursuant to the federal hold, Peasley was transferred to federal custody. On December 20, 2017, Peasley appeared in federal court for the disposition of the revocation petition. The United States Probation Office updated Peasley's previous federal presentence investigation report to include information related to the revocation proceeding, and presented that PSR to the Court prior to disposition at the revocation hearing. Peasley was found to have violated the terms of his supervised release. The Court revoked Peasley's supervised release and sentenced Peasley to six months imprisonment in the United States Bureau of Prisons, to be followed by thirty months of further supervised release. Peasley's federal sentence was ordered to run three months consecutive and three months concurrent to any sentence imposed in his misdemeanor assault and obstruction case pending in state court.

When Peasley was released from federal custody, he continued to be identified as a witness in the *Standingrock* case. Furthermore, the State of Montana continued to prosecute the state criminal allegations that were included in Peasley's federal revocation petition.

On February 23, 2018, Mr. Standingrock filed a motion for issuance of subpoena duces tecum in the Fourth Judicial District Court of Montana, seeking a subpoena to obtain Peasley's October 2013 PSR. Through his state public defender, Peasley opposed the motion in state court. On May 9, 2018, upon his release from federal custody, pursuant to Peasley's request, the Court again appointed John Rhodes to represent Peasley. On June 15, 2018, Judge Wheelis held a hearing on Standingrock's motion for issuance of subpoena duces tecum. Judge Wheelis orally pronounced that he was granting the motion and would issue the subpoena. The subpoena directed the United States Probation Office to provide the October 2013 PSR to Judge Wheelis for *in camera* review; presumably, the review would be followed by potential disclosure of some or all of the PSR's contents to Standingrock, his co-conspirator Tiffanie Pierce, and county prosecutors.

On June 15, 2018, Peasley filed a Motion to Quash Subpoena, and attached to his Brief in Support the State of Montana's Proposed Order for Subpoena. (Doc. 76-1.) On June 29, 2018, the Court advised the parties that the United States Probation Office had not yet been served with the subpoena at issue, and directed the parties to file a status report indicating whether the subpoena would still be served. On July 5, 2018, the parties filed a status report, indicating that the

subpoena was served on Joseph McElroy at the USPO in Missoula on July 2, 2018, and submitted the subpoena as an exhibit. (Docs. 81-1, 81-2.)

On July 27, 2018, the Court held a hearing on the Motion to Quash Subpoena. All parties were heard, including Peasley, the United States, and Colin M. Stephens and Nick Kirby Brooke appearing on behalf of intervenor Augustus Standingrock.

## LEGAL STANDARD

Federal PSRs are prepared by federal probation officers and are required for all federal criminal cases. Fed. R. Crim. P. 32(c)-(d). "A presentence report is prepared primarily for court use, although an ancillary function is to aid agency decisionmaking." *United States v. Schlette*, 842 F.2d 1574, 1581 (9th Cir. 1988), amended, 854 F.2d 359 (9th Cir. 1988). The Second Circuit found in *United States v. Charmer Industries*, 711 F.2d 1164, 1170 (2d Cir.1983), that the United States Probation Service in preparing presentence investigation reports acts as an arm of the Court. While the principal function of the PSR is to assist the court in determining the appropriate sentence, a report may also be used by the Federal Bureau of Prisons and the United States Parole Commission. *Id.* However, "[n]otwithstanding these secondary uses, the presentence report is a court

document and is to be used by nonjudicial federal agencies and others only with the permission of the court." *Id.*

Because PSRs are not public records, but rather confidential reports, disclosure of PSRs are disfavored. *U.S. Dep't of Justice v. Julian*, 486 U.S. 1, 12 (1988) ("[I]n both civil and criminal cases the courts have been very reluctant to give third parties access to the presentence investigation report prepared for some other individual or individuals."); *United States v. Sherlin*, 67 F.3d 1208, 1218 (6th Cir. 1995) (finding that "[n]either *Brady* nor the Federal Rules of Criminal Procedure mandate that a trial court produce a copy of a presentence report concerning a government witness, prepared for the court, to the defense upon request."); *United States v. Trevino*, 556 F.2d 1265, 1271 (4th Cir. 1977) (declining to extend *Brady*'s reach to disclosure of a presentence report). Rule 32(c)(3)(A) does not address release of the report to third parties. Thus, courts have found that disclosure to a third party is appropriate if disclosure "is necessary to serve the ends of justice." *Berry v. Department of Justice*, 733 F.2d 1343, 1352 (9th Cir. 1984); *Charmer*, 711 F.2d at 1173. "When called upon 'to balance the desirability for confidentiality against the need of the moving party for disclosure,' a strong presumption in favor of confidentiality has been established by the courts." *Schlette*, 842 F.2d at 1579.

In rare circumstances when a court allows disclosure to a third-party, a special need test is employed. "[W]hether disclosure is warranted in a given case requires the court to balance the need for disclosure against the reasons for confidentiality. In other words, if the reasons for maintaining [confidentiality] do not apply at all in a given case, or apply only to an insignificant degree, the party seeking disclosure should not be required to demonstrate a large compelling need." *Schlette*, 842 F.2d at 1581 (citing *U.S. Indus., Inc. v. United States Dist. Court*, 345 F.2d 18, 21 (9th Cir.), *cert. denied*, 382 U.S. 814 (1965)) (internal citations and quotations omitted); *Charmer*, supra, at 1174–1176. If the third party meets the special needs test, the court must then review the PSR *in camera* and determine what portions of a PSR shall be disclosed.

Notwithstanding the applicability of the special needs test, the issue in this case implicates sovereignty immunity and the Supremacy Clause. The Supremacy Clause creates an implied right of action to enjoin state actions that are preempted by a federal statutory or constitutional provision. U.S. Const. Art. 6, cl. 2. The doctrine of sovereign immunity encompasses all actions brought against the United States, including those against federal officers and actors. In *United States v. Kaufman*, 980 F. Supp. 1247, 1252 (S.D. Fla. 1997)—which involved a similar issue relating to the United States seeking declaratory and injunctive relief with

-7-

respect to a subpoena for testimony and records of federal judge as part of investigation—Judge Donald Graham of the United States District Court for the Southern District of Florida held that "[t]he Supremacy Clause enables the United States to conduct its duties and official functions in a manner that it deems best, free from any interference from state and local governments."

## DISCUSSION

Here, the Court finds that the doctrine of sovereign immunity disallows a federal officer—within the United States Probation Office—to be subpoenaed by a state court and be required to disclose a federal presentence investigation report, because the USPO acts as an arm of the Court.

The principle of federal supremacy also reinforces the protection of sovereign immunity in this case. The subpoena issued by Judge Wheelis of Montana's Fourth Judicial District Court undermines the federal court's authority over federal PSRs and thwarts the purpose and intended confidential effect of a federal PSR pursuant to Federal Rule Criminal Procedure 32. The state subpoena at issue violates both the spirit and the letter of the Supremacy Clause.

Even if the doctrine of sovereign immunity and the Supremacy Clause were not at issue here, disclosure is still disfavored under the special needs test outlined in *Schlette*. At the hearing, Standingrock's attorney represented that his request for

disclosure of the October 2013 PSR is related to Peasley's commitment to the Bureau of Prisons at SeaTac for a mental health evaluation. Without expanding on Standingrock's entire theory of his defense in the ongoing state court proceeding, his attorney argues that his right to a defense outweighs the confidentiality concerns with federal PSRs. He argues disclosure will further Standingrock's constitutional interests because it will provide Standingrock's counsel proper foundation to present evidence of third party guilt. (Doc. 85 at 11 (citing *Holmes v. South Carolina*, 547 U.S. 319 (2006).) However, the State of Montana does not intend to call Peasley as a witness, so it would be Standingrock who would potentially call Peasley as a witness. And, if that were to occur, Standingrock's attorney claims that he could use Peasley's federal PSR as evidence for impeachment if Peasley were to plead the Fifth Amendment on the stand. The Court finds that the "need" expressed by Standingrock is conjecture at best. Peasley may or may not be called as a witness in the state court criminal case and there is no clear route for impeachment with the federal PSR. Further, the subpoena does not extend to Peasley's federal mental health evaluation, but rather only to the October 2013 PSR. (Doc. 81-1.)

Consequently, the Court finds that Standingrock has not shown a special need for disclosure that outweighs the reasons for confidentiality. There are

-9-

legitimate concerns in governing the restrictions of the PSR, and the Court agrees with the United States Supreme Court in *Julian* that disclosure of federal PSRs to third parties such as Standingrock will have a chilling effect on the willingness of defendants to contribute information that will be incorporated into the report. 486 U.S. at 12.

Accordingly, IT IS ORDERED that Peasley's Motion to Quash Subpoena (Doc. 75) is GRANTED.

DATED this 20th day of August, 2018.

Dana L. Christensen, Chief Judge
United States District Court